IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| SCOTT SADLER, | ) Case No. 3:18-cv-01630 |
| Plaintiff, | ) </br> ) Judge James G. Carr |
| v. | ) |
| WACHTER, INC., | ) </br> ) |
| Defendant. | ) |

JOINT MOTION FOR
APPROVAL OF SETTLEMENT &
DISMISSAL OF ACTION WITH PREJUDICE

**I.     INTRODUCTION**

Plaintiff Scott Sadler ("Plaintiff") and Defendant Wachter, Inc., ("Defendant"), respectfully move this Court to approve the Parties' Wage Claims Release Agreement ("Agreement") resolving Plaintiff's claims in this lawsuit for unpaid wages, liquidated damages, interest, attorneys' fees, and expenses under the Fair Labor Standards Act ("FLSA") and O.R.C. 4111 et seq., and to dismiss this action with prejudice. The Agreement is attached hereto as **Exhibit A**.

As set forth more fully below, following arms-length negotiations between the Parties, the Parties respectfully submit that they have achieved a settlement in this action that is fair and reasonable, and that satisfies all of the criteria for this Court's approval under the FLSA. (*See* Declaration of Fred M. Bean ("Bean Dec.") at ¶¶ 1-11, attached hereto as **Exhibit B**).

**II.    FACTUAL BACKGROUND**

   **A.  The Action**

Plaintiff alleges, among other things, claims for unpaid back wages, liquidated damages, interest, attorneys' fees, and expenses under the FLSA and O.R.C. 4111 et seq. Throughout the

action, Defendant has disputed Plaintiff's allegations, both as to fact and law, and denied any and all liability to Plaintiff.

### B. Informal Exchange of Discovery & Settlement Negotiations

During the course of this action, the Parties exchanged information related to Plaintiff's pay, including timesheets and other business records related to Plaintiff's wages and hours. (Bean Dec. at ¶¶ 9-10). The Parties submit that their investigation and exchange of information related to Plaintiff's claims were sufficient to allow for counsel to evaluate their respective claims and defenses, and to make appropriate recommendations regarding the resolution of this Action. (*Id.* at ¶¶ 11).

Following their investigation and exchange of information, the Parties concluded that an amicable resolution was preferable, taking into serious account the cost and time associated with the action as well as the uncertainty and risks inherent in any further litigation.

### C. Settlement Terms

The Parties' agreed to a gross settlement amount of Seven Thousand Five-Hundred Dollars and Zero Cents ($7,500.00) for the settlement of Plaintiff's unpaid wages claims. (Exhibit A, ¶ 5). The Parties submit to this Court that, based upon their damages calculations, this amount of money is fair and reasonable with respect to Plaintiff's alleged damages. (Bean Dec. at ¶¶ 13-15).

### III. APPLICABLE LAW & PROPRIETY OF COURT APPROVAL

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Padilla v. Pelayo*, No. 3:14-cv-305-TMR, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015) (quoting *Crawford v. Lexington-Fayette Urban Cnty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008)). "The central purpose of the FLSA is to protect covered employees against labor conditions detrimental to the

maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." *Id*. (quoting 29 U.S.C. § 202 (internal quotations omitted)). The FLSA's provisions are mandatory, and in general, they may not be bargained or waived, except under two circumstances. *Brooklyn Sav.Bank v. O'Neil*, 324 U.S. 697, 706 (1945); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.1982). The circumstance relevant here authorizes federal district courts to approve settlements of lawsuits for unpaid wages under the FLSA, like this action, brought in federal district court. *Id.*

In reviewing a proposed FLSA settlement, the district court must scrutinize the proposed settlement and determine whether it is a fair and reasonable resolution of a *bona fide* dispute over the FLSA's provisions. *See Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007). To do so, district courts consider several factors, including: (1) the risk of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of plaintiff's success on the merits; and (5) the public interest in settlement. *Padilla*, 2015 WL 4638618, at *1 (citing *Gen. Motors Corp.*, 497 F.3d at 631). The Parties submit that the Agreement satisfies all of these factors.

    A.  **The Agreement Satisfies the FLSA**

        1.  **<u>No Indicia of Fraud or Collusion</u>**

The Parties' counsel each have extensive experience litigating FLSA claims, including actions claiming unpaid minimum wages and unpaid overtime compensation like those in this action. (Bean Dec. at ¶¶ 4-5). The Agreement was achieved after extensive, good-faith, and arms-length negotiations between the Parties (*Id.*) During the course of these negotiations, the Parties concluded that there were serious questions that could cast doubt on the ultimate outcome of the

litigation, and it was not possible to predict how a trier of fact would decide the Parties' bona fide dispute over whether Plaintiff did, in fact, ever work any time without pay, and if so, how much time Plaintiff so worked.  (*Id.*)  Under such circumstances, a presumption of fairness attaches to the Parties' proposed Agreement.  *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354.  There is no evidence of fraud or collusion that would undermine this presumption here.

### 2. The Complexity, Expense and Likely Duration of Continued Litigation Favor Approval

The case is complex in that it involves allegations of unpaid wages under the FLSA.  Here, the Parties dispute, among other things, the accuracy of Plaintiff's claimed working time, the accuracy of the Parties' records related to the same, whether Plaintiff followed written policies and procedures for reporting and correcting unpaid worktime, and whether Plaintiff ever reported to Defendant that he was owed alleged unpaid wages. (Bean Dec. at ¶¶ 7, 14).  Litigating these issues any further would require costly and protracted litigation, including, but not limited to, additional formal written discovery, costly depositions, motion practice, a potential trial, and countless hours of preparation and related legal costs.  The cost of such activities would almost immediately outstrip the maximum value of Plaintiff's damages.  A settlement, on the other hand, provides substantial relief to Plaintiff promptly and efficiently.  As such, this factor favors this Court's approval of the Agreement.

### 3. Amount of Discovery/Investigation of Claims was Sufficient to Allow the Parties to Act Appropriately

The Parties engaged in investigation prior to entering into settlement negotiations.  This investigation involved the review and exchange of various documents, including, but not limited to, Plaintiff's payroll documents, timesheets, other business records related to Plaintiff's wages and hours, and the Parties' respective analyses of Plaintiff's claims and their computations of

Plaintiff's alleged damages. (Bean Dec. at ¶¶ 8-10). The legal issues presented in the case were also thoroughly researched by counsel for the Parties and all aspects of this dispute were well-understood by both sides. (*Id.*) Based on the foregoing, the Parties submit to the Court that their investigation and exchange of information was sufficient to allow their counsel to evaluate the Parties' respective claims and defenses and to make appropriate recommendations regarding the resolution of this Action.

### 4. Risks of Litigation and Uncertainty of Recovery Supports Approval

Counsel for the Parties recognize that litigation entails uncertainty and risk in terms of costs, duration, and result. While Plaintiff believes that, if litigation were to continue, he would prevail on his claims, Defendant strongly disputes liability, contends that Plaintiff was properly paid, and denies any and all wrongdoing as to Plaintiff. (Bean Dec. at ¶¶ 7, 14). Additionally, the range of recovery is in dispute, and Defendant raised affirmative defenses to Plaintiff's claims raising additional uncertainty with regard to the outcome of this case.

The Agreement provides Plaintiff substantial monetary relief in light of these risks. This benefit outweighs the time, expense, and risk it would take to continue to litigate this action to judgment. This settlement, therefore, is a reasonable means for both Parties to minimize future risks and litigation costs. Further, based on the various issues in dispute and the uncertainty of the outcome of Plaintiff's claims, the Parties agree that the amount Plaintiff is receiving pursuant to the Agreement represents a reasonable compromise.

### 5. The Public Interest Further Supports Approval

Finally, a swift and fair resolution of this dispute is in the public interest. If forced to continue to litigate, the Parties would necessarily waste the judicial resources of this Court. Continued litigation will also drive up attorneys' fees on both sides without necessarily increasing

any award for Plaintiff. In the end, both the Parties, and the public, would benefit from an early resolution of this matter.

## IV. CONCLUSION

For all of the reasons set forth above, the Parties respectfully request that this Court approve the settlement in this Action by entering the proposed Order Approving Settlement and Dismissal of Action With Prejudice (attached hereto as **Exhibit C**).

Respectfully submitted,

| | |
|---|---|
| */s/ Fred M. Bean* | */s/ Curtis G. Moore* |
| Fred M. Bean (0086756) | Curtis G. Moore (0091209) |
| The Spitz Law Firm, LLC | Fisher & Phillips LLP |
| 25200 Chagrin Blvd., Suite 200 | 250 West Street, Suite 400 |
| Beachwood, Ohio 44122 | Columbus, Ohio 43215 |
| Phone: (216) 291-4744 | Telephone: (614) 221-1425 |
| Facsimile: (216) 291-5744 | Fax: (614) 221-1409 |
| Fred.Bean@spitzlawfirm.com | cmoore@fisherphillips.com |
| | |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on July 19, 2019, a copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT and EXHIBITS A, B & C** have been filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

                                               */s/ Fred M. Bean*
                                              Fred M. Bean (0086756)